UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

VICTOR CEBALLOS,

              Plaintiff(s),

    v.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE DETECTIVE
DAVID CENTENO, Shield # 92127, 73rd Precinct,
NEW YORK CITY POLICE OFFICER
SALVATORE TRISCRITTI, Shield #14413, 73rd Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 73rd Precinct,

              Defendant(s).

------------------------------------------------------X

**08 1463**

**COMPLAINT &
JURY DEMAND**

MAUSKOPF, J.  FILED
U.S. DISTRICT COURT E.D.N.Y
REYES, M.J.
APR 09 2008 ★
BROOKLYN OFFICE

## PRELIMINARY STATEMENT

1.  This is a Civil Rights action in which Plaintiff, Victor Ceballos, seeks redress for the

Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981

and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses

of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the

laws and Constitution of the State of New York.

## JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of

interest and costs.

−1−

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, VICTOR CEBALLOS is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE DETECTIVE DAVID CENTENO, Shield number 92127, upon information and belief of the 73rd Precinct Detective Squad, is and at all times relevant, an officer and employee/agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant DETECTIVE CENTENO is sued individually and in his official capacity.  At all times relevant Defendant DETECTIVE CENTENO was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of

his lawful duties. Defendant DETECTIVE CENTENO was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Defendant NEW YORK CITY POLICE OFFICER SALVATORE TRISCRITTI, Shield number 14413, also upon information and belief, of the 73rd Precinct Detective Squad, is, and at all times relevant, an officer and employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER TRISCRITTI is sued individually and in his official capacity. At all times relevant, Defendant OFFICER TRISCRITTI, was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of her lawful function in the course of his duties. Defendant OFFICER TRISCRITTI was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and incidental to his lawful duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

10. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief, also of the 73rd Precinct, is and at all times relevant, an officer and employee/agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY

OF NEW YORK. Defendant OFFICER DOE is sued individually and in his official capacity. At all times relevant Defendant OFFICER DOE was acting under the color of State Law in the course and scope of this duties and functions as agent, servant, employee and Officer of Defendant NEW YORK CITY POLICE DEPARTMENT, and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant OFFICER DOE was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11.

12. Defendant NEW YORK CITY POLICE DEPARTMENT, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

13. On April 15, 2007 at approximately 11:30 a.m. Plaintiff, who is a resident of Kings

−4−

County, was inside of 619 Rockaway Avenue, Apt. 3C in Kings County, which is the apartment building where Plaintiff's girlfriend MARY BULL resides.   Upon information and belief Defendant DETECTIVE CENTENO and Defendant OFFICER TRISCRITTI entered the apartment.  The aforementioned Defendants approached the Plaintiff, at which time one of the Defendants, described as a bald, male white, ordered the Plaintiff to "get up and put his hands up".  Upon information and belief the Plaintiff complied with this order, whereupon this same officer then pushed the Plaintiff back onto the bed from which he had just arisen.  Upon information and belief, this same officer then again told Plaintiff to get up, at which point the Plaintiff asked the officer why, and further asked the officers to tell the Plaintiff what he was accused of.   Upon further information and belief, at this time Defendants DETECTIVE CENTENO and OFFICER TRISCRITTI then physically and forcefully grabbed the Plaintiff and proceeded to forcefully and repeatedly slam the Plaintiffs' head into the radiator which was located near the bed, causing lacerations, bleeding and numerous contusions and injury to Plaintiff.  Upon information and belief Defendants DETECTIVE CENTENO and OFFICER TRISCRITTI slammed the Plaintiff's head into the radiator approximately four times.  The Plaintiff was subsequently handcuffed with his hands behind his back, taken out of the apartment and transported to the 73rd Precinct.

14. Once at the 73rd precinct Plaintiff was strip searched by members of Defendant NEW YORK CITY POLICE DEPARTMENT, then placed in a holding cell, bleeding profusely from the numerous head wounds which had been inflicted by the named Defendant officers. Despite his physical condition and appearance Plaintiff was denied medical attention for

approximately thirty minutes. Plaintiff began to suffer seizures at the precinct, after which members of Defendant NEW YORK CITY POLICE DEPARTMENT contacted Emergency Medical Services, which responded and transported Plaintiff to Brookdale Hospital, located in Kings County. Upon further information and belief, members of Defendant NEW YORK CITY POICE DEPARTMENT'S Internal Affairs Bureau responded to 619 Rockaway Avenue, Apt. 3C after Plaintiff's arrest for the purpose of photographing the bedroom where Plaintiff was injured, as did members of Plaintiff's family.

15. Once at Brookdale Hospital Plaintiff was manacled to a hospital bed adjacent to the Emergency room, with his hands cuffed behind him, with a member of Defendant NEW YORK CITY POLICE DEPARTMENT stationed inside his room and another Polcie Officer stationed outside of Plaintiff's room. Upon information and belief, Plaintiff received stitches to close his head wounds. Upon further information and belief, Plaintiffs' family members, EMILIA WHYTE, CANDACE LLOYD and girlfriend MARY BULL (all of whom are Plaintiffs in a separately filed complaint before this Court), arrived at the hospital approximately one hour after Plaintiff's arrival. Upon further information and belief, Plaintiff was able to speak with his mother, Emilia Whyte, and tell her how Plaintiff had been injured.

16. Upon information and belief, after a few minutes, the Police Officer inside the room with Plaintiff ordered Plaintiff's family members to leave, whereupon Plaintiff informed the officer, identified as Defendant NEW YORK CITY POLICE OFFICER JOHN DOE that he was not finished speaking with them. Upon further information and belief, Defendant OFFICER DOE then loudly and forcefully ordered Plaintiff's family to leave the room,

immediately after which Defendant NEW YORK CITY POLICE OFFICER JOHN DOE

then physically and forcefully grabbed Plaintiff's face and forehead area, holding the stitches

which had just been placed and bandaged by medical personnel at Brookdale Hospital, and

shoved Plaintiff back on the bed two times.  Defendant OFFICER DOE then placed his

hands around Plaintiff's neck and began to choke Plaintiff, as Plaintiff yelled for help.  Upon

information and belief, Plaintiff's family members actually observed Defendant NEW

YORK CITY POLICE OFFICER DOE choking Plaintiff after they were ordered from the

room.  As a result of being grabbed, Plaintiff's sutures were ruptured, requiring remedial

medical care, which required Plaintiff to remain at the hospital for additional medical care.

Plaintiff was eventually released from the hospital and taken back to the 73rd Precinct for

further arrest processing.

17.   Plaintiff was eventually charged with, among other unrelated offenses, assaulting

Defendants CENTENO and TRISCRITTI.   Upon information and belief, Plaintiff was

eventually indicted and ultimately pled guilty on March 31, 2008 in Part 26 of Kings County

Supreme Court Criminal Term, under indictment number 3644/2007 to assaulting another

civilian complainant, who was the victim of the underlying assault which was the original

reason why Defendants CENTENO and TRISCRITTI went to arrest Plaintiff.   Upon

information and belief, Plaintiff did not plead guilty to assaulting Defendants CENTENO and

TRISCRITTI and did not allocute or admit to assaulting them in any way, manner or form.


## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment**

**to the United States Constitution**

18. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendant Detective DAVID CENTENO acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully using excessive force to effectuate the arrest of Plaintiff without just cause or reason.

20. That the actions of Defendant Detective DAVID CENTENO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

21. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That upon information and belief, the conduct of Defendant Police Officer SALVATORE TRISCRITTI acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully using excessive force to effectuate the arrest of Plaintiff without just cause.

23. That the actions of Defendant Police Officer SALVATORE TRISCRITTI occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm

to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and

### The United States Constitution

24. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully assaulting Plaintiff, under the guise of lawful restraint.

26. That the actions of Defendant OFFICER JOHN DOE occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT.

## FOURTH FEDERAL CLAIM

27. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE DAVID CENTENO, acting under color of State Law violated section 42 U.S.C. 1983, by falsely, unlawfully and maliciously accusing Plaintiff of assaulting Defendant CENTENO

## FIFTH FEDERAL CLAIM

### Violation of Rights secured by Section 42 U.S.C. 1983 and

### The United States Constitution

–9–

29.  Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30.  That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER SALVATORE TRISCRITTI, acting under color of State Law violated section 42 U.S.C. 1983 by falsely and unlawfully accusing Plaintiff of assaulting Defendant TRISCRITTI.

31.  That the actions of Defendant NEW YORK CITY POLICE OFFICER SALVATORE TRISCRITTI, occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT.

## FIRST STATE LAW CLAIM

32.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33.  That the actions of Defendant New York City Police Detective DAVID CENTENO resulted in the intentional physical assault of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

34.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35.  That the actions of Defendant New York City Police Officer SALVATORE TRISCRITTI resulted in the intentional physical assault of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. That the actions of Defendant New York City Police Officer JOHN DOE resulted in the intentional assault of Plaintiff, and caused the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Seven (37) as if fully set forth herein.

39. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Detective DAVID CENTENO resulted in the intentional physical assault of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening,  supervising and/or instructing Defendant New York City Police Detective DAVID CENTENO resulted in the intentional physical assault of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty One (41) as if fully set forth herein.

–11–

43. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer SALVATOR TRISCRITTI resulted in the intentional physical assault of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### SEVENTH STATE LAW CLAIM

44. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Three (43) as if fully stated herein.

45. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer SALVATORE TRISCRITTI resulted in the physical assault of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### EIGHT STATE LAW CLAIM

46. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Five (45) as if fully set forth herein.

47. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently, hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JOHN DOE resulted in the physical assault of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### NINTH STATE LAW CLAIM

48. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Seven (47) as if fully set forth herein.

49. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant New York City Police Officer JOHN DOE resulted in the physical assault of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**TENTH STATE LAW CLAIM**

50.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Nine (49) as if fully set forth herein.

51.  That the actions of Defendant New York City Police Detective DAVID CENTENO intentionally inflicted physical injury and emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including medical bills and pain and suffering.

**ELEVENTH STATE LAW CLAIM**

52.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Fifty One (51) as if fully set forth herein.

53.  That the actions of Defendant New York City Police Officer SALVATORE TRISCRITTI intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, incurrence of monetary damages including, medical bills, public humiliation and embarrassment.

**TWELFTH STATE LAW CLAIM**

54.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Fifty Three (53) as if fully set forth herein.

55.  That Defendant NEW YORK CITY POLICE DETECTIVE DAVID CENTENO did knowingly, falsely and maliciously prosecute Plaintiff, falsely accusing Plaintiff of assaulting

–13–

Defendant DETECTIVE CENTENO, and further causing Plaintiff to incur damages, including damage to his reputation.

## THIRTEENTH STATE LAW CLAIM

56. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Fifty Five (55) as if fully set forth herein.

57. That Defendant New York City Police Officer SALVATORE TRISCRITTI did knowingly, falsely and maliciously accuse Plaintiff of assaulting Defendant OFFICER TRISCRITTI, and further causing Plaintiff to incur damages including damage to his reputation.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Detective DAVID CENTENO, New York City Police Officer SALVATORE TRISCRITTI and New York City Police Officer JOHN DOE.

3. Punitive Damages against Defendant NEW YORK CITY POLICE DEPARTMENT.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: April 4, 2008

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com